**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| AUBREY WARRICK | ) | **CIVIL ACTION NO.** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| DYNAMIC RECOVERY | ) | **JURY TRIAL DEMAND** |
| SOLUTIONS, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**NATURE OF ACTION**

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

**PARTIES**

4.     Plaintiff, Aubrey Warrick ("Plaintiff"), is a natural person who at all relevant times resided in the State of South Carolina, County of Greenville, and City of Greenville.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Dynamic Recovery Solutions, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with collection of an alleged debt in default, Defendant, for its initial communication with Plaintiff, called Plaintiff's cellular

2

telephone on October 19, 2011 at 8:19 A.M., and at such time, left the following voicemail message:

> "Hi Aubrey, this is [inaudible] White. uh, Mr. Warrick, listen, I needed to speak with you as soon as possible this morning. Um, my phone number here is 888-912-7923."

12.     In its voicemail message of October 19, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

13.     In its voicemail message of October 19, 2011, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

14.     In its voicemail message of October 19, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

15.     On October 19, 2011, Plaintiff returned Defendant's call, and at such time, Defendant told Plaintiff he owed a debt to original creditor, "Cascase Capitol".

16.     During the conversation on October 19, 2011, Defendant threatened to garnish Plaintiff's wages if Plaintiff did not agree to a settlement arrangement.

17.     Defendant could not lawfully garnish Plaintiff's wages, as no judgment had been entered against Plaintiff, and/or Defendant did not intend to garnish Plaintiff's wages.

18.     Defendant's threats caused Plaintiff to agree to a two-payment settlement agreement.

19.     Plaintiff gave Defendant his credit card information in order to secure the agreement.

20.     Defendant sent Plaintiff a written settlement agreement dated October 20, 2011, in which Defendant stated, in relevant parts, as follows:

> "Dynamic Recovery Solutions LLC (DRS) has agreed to tender a settlement offer of $785.65 in regards to the above referenced account. The payments are as follows:
>
> - October 28, 2011 -- $150.00
> - November 4, 2011 -- $635.65"

*See* correspondence attached hereto as Exhibit A.

21.     Defendant's October 20, 2011 correspondence did not contain a statement notifying Plaintiff that it was a debt collector.

22.     Defendant's October 20, 2011 correspondence did not contain the notices required pursuant to 15 U.S.C. § 1692g(a).

23.     In an attempt to verify the debt, Plaintiff called Cascase Capitol, and at such time, Plaintiff was told that Cascase Capitol does not have an account for Plaintiff.

24.     Thereafter, on or about October 26, 2011, Plaintiff called Defendant, and at such time, told Defendant that he did not want Defendant to charge his card per the settlement agreement.

25.     Defendant told Plaintiff that it would not charge his card as the payment of $150.00 "wasn't worth it."

26.     Despite Plaintiff revoking Defendant's permission to charge his card, Defendant withdrew $150.00 from Plaintiff's bank account on October 31, 2011.  *See* statement attached hereto as Exhibit B.

27.     Plaintiff subsequently contacted her bank, informing the bank of the Defendant's unauthorized withdrawal on October 31, 2011.

28.     Plaintiff's bank issued a stop payment so that Defendant could not complete the November 4, 2011 withdrawal, however, as a result of the stop payment, Plaintiff incurred a Stop Payment Fee in the amount of $20.00.

29.     Additionally, the bank reversed the October 31, 2011 withdrawal in the amount of $150.00.

30.     On November 3, 2011, Defendant called Plaintiff's cellular telephone, and at such time, left the following voicemail message:

> "Aubrey, this is Mr. Ward. I need to speak to you or whomever you plan on having to represent you. Um, you can call me directly at 508-744-6936.  Again that's 508-744-6936. I think you kind of remember what's going on, so if you, If you want to have [inaudible] represent you, call me. But I need to do so within the next hour or so if at all feasible.  I sure wish you the best."

31.     In its voicemail message of November 3, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

32.     In its voicemail message of November 3, 2011, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

33.    In its voicemail message of November 3, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

34.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692(D)(6)

35.    Plaintiff repeats and re-alleges each and every allegation contained above.

36.    Defendant violated 15 U.S.C. § 1692(d)(6) by placing a telephone call without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant violated 15 U.S.C. § 1692(d)(6);

b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)    Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)    Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692E(10)

37.     Plaintiff repeats and re-alleges each and every allegation contained above.

38.     Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

39.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692E(11)

40.     Plaintiff repeats and re-alleges each and every allegation contained above.

41.     Defendant Leading violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692G(A) ET SEQ.

42.     Plaintiff repeats and re-alleges each and every allegation contained above.

43.     Defendant violated 15 U.S.C. § 1692g(a) et seq. when Defendant made initial contact with Plaintiff via telephone call on October 19, 2011, and at such time, failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., and further failed to provide Plaintiff with such disclosures within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the 15 U.S.C. § 1692g(a) et seq.;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

a)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

b)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

c)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

d)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692F**

44.     Plaintiff repeats and re-alleges each and every allegation contained above.

45.     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATION OF 15 U.S.C. § 1692E(4)**

46.     Plaintiff repeats and re-alleges each and every allegation contained above.

47.     Defendant violated 15 U.S.C. § 1692e(4) by falsely representing (or implying) that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated the 15 U.S.C. § 1692e(4);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT VII
### VIOLATION OF 15 U.S.C. § 1692F(1)

48.     Plaintiff repeats and re-alleges each and every allegation contained above.

49.     Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF S.C. CODE § 37-5-108(5)(C)(IV)

50.     Plaintiff repeats and re-alleges each and every allegation contained above.

51.     Defendant violated S.C. Code § 37-5-108(5)(c)(iv) by falsely representing (or implying) that nonpayment of any debt will result in arrest, imprisonment, garnishment, seizure, or attachment unless the remedy is legally permitted to the creditor and the claim or implication is not used for the purpose of harassment or abuse of process.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated S.C. Code § 37-5-108(5)(c)(iv);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

13

**TRIAL BY JURY**

52.     Plaintiff is entitled to and hereby demands a trial by jury.


DATED this 7th day of March, 2012.


Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (S.C. Bar No. 77897)
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com

ATTORNEYS FOR PLAINTIFF

*Please send correspondence to the address below*

Holly E. Dowd
*Weisberg & Meyers, LLC*
5025 N. Central Ave. #602
Phoenix, AZ 85012